### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### Wheeling

**ARIC JASON STUTLER,**

        Petitioner,

    v.                       **CIVIL ACTION NO. 5:24-CV-103**
                                            Judge Bailey

**DITMAUS TATE,**

        Respondent.

### REPORT AND RECOMMENDATION

### I. INTRODUCTION

On June 4, 2024, the *pro se* petitioner, Aric Jason Stutler ("petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. On June 18, 2024, petitioner paid the $5 filing fee. [Doc. 10]. Petitioner is a state prisoner who, at the time of filing, was housed at Martinsburg Correctional Center and Jail, and filed his petition challenging the revocation of his parole. On August 23, 2024, the respondent filed a Motion to Dismiss. [Doc. 22]. On September 3, 2024, petitioner filed a response. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends that the Motion to Dismiss be granted and the petition be denied and dismissed without prejudice.

### II. BACKGROUND

As set forth in respondent's memorandum in support of the Motion to Dismiss, petitioner's case involves a number of underlying criminal cases. First, in March 2015, petitioner was charged in Harrison County with burglary and uttering. [Doc. 22-1].

1

Petitioner was released on bail, [Doc. 22-2], but was subsequently arrested and charged with transferring and receiving stolen property and felon in possession of a firearm. [Doc. 22-3].  On June 24, 2015, the Circuit Court of Harrison County revoked petitioner's bond in all pending cases.  Then, in January of 2016, petitioner was indicted in Harrison County of burglary, grand larceny, forgery, uttering, and transferring stolen property. [Doc. 22-7].  At the arraignment, the Circuit Court, apparently unaware that petitioner's bond had previously been revoked, released petitioner on bond, but later vacated the order allowing release on bond.  [Docs. 22-8 and 22-9].  In February 2016, petitioner pleaded guilty, pursuant to a plea agreement, to one count each of burglary, grand larceny, uttering, and transferring stolen property.  [Docs. 22-10 and 22-11].

On March 18, 2016, petitioner was sentenced to a term of one to fifteen years for burglary, one to ten years for grand larceny, to run consecutively to count one, one to ten years for uttering, to run concurrently with counts one and two, and one to ten years for transferring stolen property, to run concurrently with counts one and two.  [Doc. 22-14].

Meanwhile, in this district, petitioner was charged via indictment with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  *USA v. Stutler*, Civ. A. No. 1:16-CV-14-1 (N.D. W.Va. 2016) [Doc. 1]. Petitioner pleaded guilty and was sentenced to eighty-four months, to run concurrently with his state sentence, to be followed by three years of supervised release.  Id. at [Doc. 38].

On January 6, 2020, petitioner was granted parole on his state charges, but subsequently informed the West Virginia Parole Board he wished to remain in custody

at the Northern Correctional Center, and the Parole Board rescinded its decision. [Docs. 19 & 20].

On January 6, 2021, petitioner was released to federal custody while still having a remaining parole obligation to the State of West Virginia. [Docs. 21, 22, & 23].

On January 13, 2023, petitioner was released from federal custody. [22-27]. However, because petitioner did not report to a Parole Officer, he was charged with violating his parole and his parole was revoked. [Docs. 22-24, 22-25, 22-26, 22-27].

Then, on April 6, 2023, petitioner's federal supervised release was revoked for failing to report to a probation officer and he was sentenced to thirteen months imprisonment. **USA v. Stutler**, Civ. A. No. 1:16-CV-14-1 (N.D. W.Va. 2016) [Doc. 69]. According to the Bureau of Prisons website, petitioner was then released from custody on March 1, 2024. *See* https://www.bop.gov/inmateloc/. According to the West Virginia Division of Corrections and Rehabilitation, petitioner is currently incarcerated at Saint Marys Correctional Center in St. Marys, West Virginia. As reflected in the Circuit Court of Harrison County's July 2, 2024 Order, petitioner's current incarceration, beginning June 4, 2024, is based on revocation of his parole in relation to the sentences for burglary and grand larceny. [Doc. 26-2 at 5]. Thus, petitioner's current custody is pursuant to the judgement of the state court.

On June 4, 2024, petitioner filed the instant petition pursuant to 28 U.S.C. § 2241. [Doc. 1]. In the petition, petitioner claims that his state parole was unlawfully revoked and that the detainer lodged against him was lifted in February of 2023. [Id. at 5–6].

On August 23, 2024, respondent filed a Motion to Dismiss. In his memorandum in support, respondent argues that petitioner's petition should properly be brought under

28 U.S.C. § 2254, rather than § 2241, and that petitioner has failed to exhaust administrative remedies. [Doc. 23].

In his response, petitioner raises a number of arguments against the Motion to Dismiss, claiming that he has demonstrated the state has acted in bad faith, that he has shown extraordinary circumstances, that he has demonstrated he is being harassed, and that he was told he would be contacted by a parole officer rather than being required to contact them himself. See [Doc. 26 at 1]. To demonstrate exhaustion of state remedies, petitioner attaches grievance forms from the West Virginia Division of Corrections and Rehabilitation. [Docs. 26-4 and 26-6].

### III.     LEGAL STANDARDS

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is plausible on its face.' **Bell Atl. Corp. v. Twombly**, 550 U.S. 554, 570 (2007) (emphasis added)." **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995). In **Twombly**, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

4

of action will not do," Id. at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id*. at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." **Williams v. Branker**, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." **Witthohn v. Fed. Ins. Co.**, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id*. at 396–97.

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Hudspeth v. Figgins**, 584 F.2d 1345, 1347 (4th Cir. 1978).

## IV. ANALYSIS

As an initial matter, the undersigned notes that petitioner, a state prisoner, has filed his habeas petition pursuant to 28 U.S.C. § 2241, rather than § 2254. The undersigned agrees with respondent that "[b]ecause Petitioner has been convicted by the Harrison County Circuit Court, his relief should be brought under Section 2254." [Doc. 23 at 8]. However, whether brought under § 2241 or § 2254, petitioner's claims are subject to dismissal for failure to exhaust state remedies.

The privilege of the writ of habeas corpus is recognized in Article I, Section 9 the United States Constitution. Petitions for writs of habeas corpus filed in the federal courts are governed by 28 U.S.C. § 2241 *et seq*. Pursuant to 28 U.S.C. § 2254(b)(1):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

In **Baldwin v. Reese**, 541 U.S. 27, 29 (2004), the Supreme Court held that to, "provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." Accordingly, a petition for writ of habeas corpus on behalf of a prisoner in state custody should not be entertained by a federal court unless the petitioner has first exhausted his state remedies. Principles of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. *See* **Duncan v. Henry**, 513 U.S. 364, 365 (1995); **Woodfolk v. Maynard**, 857 F.3d 531 (4th Cir. 2017).

Likewise, prisoners filing § 2241 petitions must exhaust their administrative remedies prior to filing and can only be excused upon a showing of cause and prejudice. **McClung v. Shearin**, 90 F. App'x 444, 445 (4th Cir. 2004) (citations omitted). Although there is no statutory requirement for exhaustion of available state remedies for petitions brought under § 2241, exhaustion is required to give state courts an opportunity to address petitioner's claims. **Braden v. 30th Jud. Cir. Ct. of Kentucky**, 410 U.S. 484, 490 (1973); *see* **Gibson v. State of N.C.**, 991 F.2d 789 (4th Cir. 1993) (per curiam) (unpublished) (dismissal of petition under § 2241 denied where state prisoner had not exhausted state remedies); **Dean v. State of W. Va.**, 866 F.2d 1415 (4th Cir. 1989) (unpublished) (per curiam) (exhaustion of state remedies required where petitioner was state pretrial prisoner); **Murphy v. State of N.C.**, 25 F.3d 1040 (4th Cir. 1994) (per curiam)

(unpublished) (habeas claims properly dismissed where pretrial state prisoner had not exhausted state remedies.).

As the Supreme Court recognized in **Castille v. Peoples**, 489 U.S. 346, 349 *reh'g denied*, 490 U.S. 1076 (1989), practical considerations also necessitate exhaustion of State court claims prior to federal review:

> The exhaustion requirement, first enunciated in **Ex parte Royall**, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886), is grounded in principles of comity and reflects a desire to "protect the state courts' role in the enforcement of federal law," **Rose v. Lundy**, *supra*, 455 U.S., at 518, 102 S.Ct., at 1203. In addition, the requirement is based upon a pragmatic recognition that "federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." 455 U.S., at 519, 102 S.Ct., at 1203-1204.

To exhaust available state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. The Supreme Court explained in **Duncan**, 513 U.S. at 365, "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."

In **Baldwin v. Reese**, 541 U.S. at 32 (2004), the Supreme Court further explained the requirements of such fair presentment:

> We [ ] hold that ordinarily a state prisoner does not "fairly present" a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.

The Court opined that, "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" **Id**. *See also* **Howell v.**

7

*Mississippi*, 543 U.S. 440, 444 (2005) (dismissing the writ of certiorari as improvidently granted because the federal constitutional claim was not fairly presented to the State's highest court for purposes of 28 U.S.C. § 1257).

In West Virginia, the exhaustion of State remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding in the state circuit court of conviction followed by an appeal to the West Virginia Supreme Court of Appeals. *See* **Moore v. Kirby**, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); *see also* **Bayerle v. Godwin**, 825 F. Supp. 113, 114 (N.D. W.Va. 1993) (Maxwell, J.) ("A Petitioner challenging a state criminal conviction by a federal habeas corpus action in West Virginia can satisfy the exhaustion requirement by filing a petition for writ of habeas corpus ad subjiciendum in an appropriate state circuit court and, if unsuccessful there, by appealing the denial of the writ to the state Supreme Court."). A federal court may only consider those issues the petitioner presented to the State court, and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). As the Supreme Court explained in **Picard v. Connor**, 404 U.S. 270, 275 (1971), "We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" (Internal citation omitted).

"The burden of proving that a claim is exhausted lies with the habeas petitioner." **Breard v. Pruett**, 134 F.3d 615, 619 (4th Cir. 1998), *cert. denied*, 523 U.S. 371 (1998). The Fourth Circuit also found in **Breard** that, "[t]he exhaustion requirement is not satisfied

8

if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." *Id*.

Here, despite petitioner's assertions that he has exhausted available remedies, petitioner has clearly not pursued his claims in state court prior to filing his petition in this Court. Regardless of whether petitioner's claims are construed under § 2241 or § 2254, petitioner must fully pursue his claims through all available levels in the state court, including appeal to the West Virginia Supreme Court of Appeals. The undersigned notes that petitioner references an exhibit showing he has pursued administrative grievances at his facility. [Doc. 26-6]. However, the requirement of exhaustion of state remedies requires petitioner to present his claims in state court. Likewise, to the extent petitioner contends that filing a Motion for Correction of Sentence constitutes exhaustion of state remedies, *see* [Doc. 26-2], the undersigned notes, first, that his claims must be fully exhausted to the West Virginia Supreme Court of Appeals, and, second, exhaustion must be accomplished *prior* to filing his federal habeas petition.

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Motion to Dismiss [**Doc. 22**] be **GRANTED** and that the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless

9

accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: September 9, 2024.

/s/ James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE