IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**ARIC JASON STUTLER,**

        Petitioner,

v.                                       **CIVIL ACTION NO. 5:24-CV-103**
                                                   Judge Bailey

**DITMAUS TATE,**

        Respondent.

## ORDER

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 27]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on September 9, 2024, wherein he recommends that the Motion to Dismiss [Doc. 22] be granted and the Petition be denied and dismissed without prejudice. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND[1] & STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

---

[1] This Court fully adopts and incorporates herein the "Background" section of the R&R. *See* [Doc. 27 at 1–4].

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his objections to the R&R on September 26, 2024. *See* [Doc. 30]. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

In his Objections, petitioner states, multiple times, how his writ is not challenging pre- or post-conviction issues. *See* [Doc. 30]. Petitioner spends the first two (2) pages of

his Objections discussing his version of the facts. [Id. at 1–2]. Petitioner asserts that he has exhausted "state level remedy [sic] for this issue . . . as showed [sic] in exhibits." [Id. at 3, 5]. Littered throughout the Objections, petitioner mentions his request for an attorney. *See generally* [id.]. Petitioner also states how he is unsure "how in good faith the Court can state any claim or reason to dismiss when they have nothing to do with the facts of the writ?! When it clearly has nothing to do with pre- or post-conviction!" *See* [Id. at 5, 8, & 10].

A party waives any objection to an R&R that lacks adequate specificity. *See* **Mario v. P & C Food Markets, Inc.**, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." **Mario**, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." *Id.*; *see also* Fed. R. Civ. P. 72(b); LR PL P 12.

As noted above, petitioner appears to take issue with a plethora of things but fails to adequately specify an objection to any part of the R&R. Petitioner spends a multitude of pages referring to previously filed papers and relying on arguments already advanced by petitioner. As held by Magistrate Judge Mazzone, "despite petitioner's assertions that he has exhausted available remedies, [he] has clearly not pursued his claims in state court prior to filing his petition in this Court." [Doc. 27 at 9]. Petitioner must fully pursue his claims through **all** available levels in state court, **including** the West Virginia Supreme

3

Court of Appeals. Petitioner again references how he has exhausted his state level remedies. [Doc. 30 at 3, 5]. However, the requirement of exhaustion of state remedies requires petitioner to present his claims in **state court** prior to filing his federal habeas petition. See **Moore v. Kirby**, 879 F.Supp. 592, 593 (S.D. W.Va. 1995) (Haden C.J.); see also **Bayerle v. Godwin**, 825 F.Supp. 113, 114 (N.D. W.Va. 1993) (Maxwell, J.). At this point, petitioner has not presented any of his claims to the West Virginia Supreme Court of Appeals.[2] Insofar as this Court can consider petitioner's most recent filing as objections, those objections are **OVERRULED**.

### III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation [**Doc. 27**] is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Petitioner's Objections [**Doc. 30**] are **OVERRULED**. Respondent's Motion to

---

[2] In West Virginia, the exhaustion of State remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding in the state circuit court of conviction followed by an appeal to the West Virginia Supreme Court of Appeals. See **Moore v. Kirby**, 879 F.Supp. 592, 593 (S.D. W.Va. 1995) (Haden C.J.); see also **Bayerle v. Godwin**, 825 F.Supp. 113, 114 (N.D. W.Va. 1993) (Maxwell, J.) ("A Petitioner challenging a state criminal conviction by a federal habeas corpus action in West Virginia can satisfy the exhaustion requirement by filing a petition for writ of habeas corpus ad subjiciendum in an appropriate state circuit court and, if unsuccessful there, by appealing the denial of the writ to the state Supreme Court."). A federal court may only consider those issues the petitioner presented to the State court, and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Dismiss Section 2241 Petition [**Doc. 22**] is **GRANTED** and the Petition [**Doc. 1**] is **DENIED and DISMISSED WITHOUT PREJUDICE**.

Petitioner's Letter/Motion to Appoint Counsel [**Doc. 28**] is **DENIED AS MOOT**.

This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein.

**DATED**: September 27, 2024.

_____
**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**